IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOHN CLIFTON WAYMAN,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER OF REVOCATION AND DETENTION<br><br><br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

　　　　This matter came before the Court on allegations that Defendant violated the terms of his pretrial release. The Court conducted a hearing on the matter on August 22, 2016. For the reasons discussed below, the Court will revoke Defendant's pretrial release and order his detention.

I.  BACKGROUND

　　　　Defendant, along with ten others, is charged in an Indictment with conspiracy to commit Supplemental Nutrition Assistance Program ("SNAP") benefits fraud and conspiracy to commit money laundering. It is alleged that Defendant and his co-Defendants engaged in an elaborate scheme to defraud the federal government and launder money through the diversion of SNAP benefits.

　　　　Defendant was initially detained by the Magistrate Judge. However, upon review by this Court, he was released on conditions. In particular, Defendant was ordered to "avoid all contact with those named persons, who are considered either alleged victims, potential witnesses and/or

1

codefendants and Warren Jeffs."[1]  Defendant was also placed on home confinement.[2] Defendant's home confinement was later modified to include a curfew requirement of 10:00 p.m. to 6:00 a.m.[3]

On July 27, 2016, the Court signed a Petition and Order for Action on Conditions of Pretrial Release.  The Petition alleged that, on or about July 26, 2016, Defendant failed to abide by the conditions of release by failing to avoid contact with Seth Jeffs, a co-Defendant.  The Petition further alleged that Defendant failed to comply with his curfew on that same date.  On August 2, 2016, the Court signed an Amended Petition.  The Amended Petition added allegations that Defendant failed to abide by his conditions of release and was in the same location as Seth Jeffs and/or Preston Barlow, both co-Defendants, on July 28, 29, and 30, 2016.

## II.  DISCUSSION

A person who has been released under 18 U.S.C. § 3142 "and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court."[4]  "[T]he person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section."[5]

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
> (1) finds that there is—

---

[1] Docket No. 152 ¶ 6(d).

[2] *Id.* ¶ 6(r).

[3] Docket No. 183.

[4] 18 U.S.C. § 3148(a).

[5] *Id.* § 3148(b).

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that—
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.[6]

Thus, before a court may revoke Defendant's release it must make the following two findings: (1) either that there is probable cause that Defendant committed a crime while on release or that there is clear and convincing evidence Defendant violated any other condition of release; and (2) either that no condition or combination of conditions will assure that Defendant will not flee or pose a danger to any other person or the community, or that Defendant is unlikely to abide by any condition or combination of conditions or release.

Based upon the evidence submitted, the Court finds that there is clear and convincing evidence that Defendant violated the terms of his release as alleged in the Amended Petition. The evidence shows that, in the early hours of July 26, 2016, Defendant was summoned to a meeting by Nephi Jeffs, who had been instructed to call the meeting by Warren Jeffs. In violation of his curfew, Defendant attended the meeting. Seth Jeffs was also present at the meeting. The evidence further shows that Defendant met additional times with Seth Jeffs and, on one occasion, with Preston Barlow. All of these meetings violated the restriction that he have no contact with the co-Defendants.

---

[6] *Id.*

Defendant attempts to argue that his conduct did not violate his release conditions because he had been informed by his supervising officer that he could have limited contact with his co-Defendants. However, the evidence proffered at the hearing revealed that the approved conduct related to incidental contact with co-Defendants during religious services. That is, Defendants would not be prevented from attending religious services merely because other co-Defendants may also be present at that same service. Defendant's argument that the conduct at issue falls within the ambit of approved contact is unavailing. Defendant argues that he and his co-Defendants were merely compiling a list of FLDS members and contacting those members to inform them of an upcoming meeting. Defendant provides no evidentiary support for this statement and the Court cannot be confident that other issues, such as this case, were not discussed. However, even under Defendant's version of events, this is not the type of fleeting contact that Defendant was informed would be permitted. Instead, he met with Seth Jeffs and Preston Barlow for multiple hours over the course of four days without the approval of the Court or the probation office.

Defendant further argues that he was told by his supervising officer that he would not face sanctions for a solitary violation. While a single pretrial release violation may not always result in revocation, that is not what happened here. Defendant knowingly violated the terms of his supervision many times over a series of days.

Having found by clear and convincing evidence that Defendant violated the terms of his release, the Court must next consider whether there are conditions that will assure that Defendant will not flee or pose a danger, or whether Defendant is unlikely to abide by any condition or combination of conditions. After careful review of the evidence and the arguments of counsel,

the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release.

As set forth above, Defendant violated the terms of his pretrial release by meeting with his co-Defendants. Defendant violated these terms knowing full well that his actions were being closely monitored and that these violations would be easily detected. Despite this, Defendant's willingness to violate his release conditions demonstrates a disinclination to comply with this Court's orders. This is especially true where, as here, Defendant was directed to take these actions by someone acting on behalf of Warren Jeffs. As was detailed by the government during the initial detention hearing, Defendant Wayman provided substantial assistance to Warren Jeffs while Jeffs was a fugitive. The evidence supports the conclusion that Defendant will follow the dictates of Warren Jeffs even if they run counter to the orders of the Court.

Defendant attempts to rationalize his conduct by stating that he was trying to help his community. But whatever the reason for his conduct, the fact remains that Defendant chose to violate the terms of his pretrial release. His conduct demonstrates a readiness to defy the Court's orders when he receives instruction that he believes supersedes the orders of this Court. For this reason, the Court concludes that he is unlikely to abide by any condition or combination of conditions of release.

Defendant argues that he should be released because he is in the same position as his released co-Defendants. Defendant argues that he holds no leadership position in the community. However, this argument is belied by the fact that Warren Jeffs selected Defendant to assist Nephi Jeffs.[7] Moreover, even if Defendant holds no official position of authority, his

---

[7] Docket No. 445 Ex. 178.

influence in the community is evidenced by Defendant's own assertion that he "is one of the individuals looked to for assistance."[8] Thus, Defendant is not similarly situated to his released counterparts.

Defendant also argues that detention would be unfair because some of his co-Defendants have been allowed to be in contact with other co-Defendants. It is true that the Court has permitted contact between co-Defendant spouses and has approved requests from two other Defendants to have contact with co-Defendants.[9] However, what Defendant fails to appreciate is that those Defendants specifically sought and received judicial approval for this contact. Instead of contacting the Court or his supervising officer to obtain permission for these meetings, Defendant simply chose to ignore the Court's orders and engage in conduct that violated the Court's orders. This fact alone distinguishes Defendant from his co-Defendants and demonstrates his unwillingness to follow the instructions of the Court.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's pretrial release is revoked and he is ordered detained pending trial.

DATED this 23rd day of August, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[8] Docket No. 476, at 14.

[9] *See* Docket Nos. 42, 43, 44, 50, 51, 62, 80, 175, 186.